■ **U. S. BUILDING MAINTENANCE COMPANY, INC.**, Appellant, v **STATE OF NEW YORK**, Respondent. (Claim No. 58478.)—Appeal from a judgment, entered May 20, 1977, upon a decision of the Court of Claims, which dismissed the claim. Claimant seeks reimbursement for various expenses arising out of a service contract between the claimant and the State. On February 14, 1973, the parties entered into an agreement which provided

for a five-year term commencing on March 16, 1973. The agreement contained a provision that either party could cancel the agreement, upon two months' notice in writing after the contract had been in effect for six months. On January 31, 1975, the State wrote claimant that it was canceling the agreement as of March 31, 1975. The agreement required claimant to provide custodial management, maintenance and operational services at three designated locations in Brooklyn. The claimant was to receive an amount based on a square foot formula for each building. The buildings were to be occupied by the Department of Labor placement and unemployment insurance personnel. The claim, together with the amended claims, seeks reimbursement for additional purchases of toilet tissue and paper towels, replacement of broken windows and hardware, additional garbage removal, improper billing deductions by the State, and vacation and salary payments required under the union agreement, notwithstanding contract cancellation. The agreement makes no reference to reimbursement of the claimed items. Paragraph 7 of the general conditions of the invitation and specifications provides that "The contractor shall make all necessary purchases and pay for all materials, labor and supplies in the operation and maintenance of said buildings". In addition, the agreement required claimant to provide necessary supplies for washrooms as needed; to replace light bulbs and broken windows; and to make all maintenance repairs to plumbing, electrical and auxiliary equipment, and fixtures not separately contracted for. Apparently, after the agreement was in force for about a year, the number of people using the buildings increased substantially. This increase resulted from the large numbers of people added to the unemployment rolls during this period, requiring greater use of supplies, and repair of equipment. Claimant contends that the contract is vague and ambiguous, and that the court should resort to secondary rules of construction to construe the agreement against the State. Claimant fails to show that the contract is either vague or ambiguous. It is fundamental that a written contract is to be construed in accordance with the intent of the parties as expressed by the plain meaning of the words in the written agreement. The over-all purpose of the agreement was to provide proper and uninterrupted management, maintenance and operational services at each of the subject buildings. The consideration for these services was payment on a monthly basis based on the square footage in the buildings. The agreement further provided that claimant was to furnish toilet tissues, paper towels, replace bulbs and broken windows, make all maintenance repairs to plumbing, electrical and auxiliary equipment not excluded by separate contract, and provide for garbage removal. Claimant never contended that it was to be reimbursed for these items until after the State elected to cancel the contract. During the course of the contract, the claimant regularly paid for these items and did not seek reimbursement. Moreover, the claimant, under another contract, previously supplied the same service to these buildings, and never billed the State separately for garbage removal. The Court of Claims properly found that claimant "entered an agreement which contained no provision for quantity increases beyond reasonable expectations. The unit price was dependent upon a square foot basis, regardless of the amounts of paper products consumed, or repairs that had to be made. There is no ambiguity or doubt as to any of the language employed in the contract, except that which is created by claimant's own strained and unusual interpretations". The judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.